Oldiiam, J., delivered the opinion of the court. The act of January 18, 1843, contains a reservation in favor of two classes of persons; first, those who reside upon such sixteenth sections, who may use the timber or stone on said lands for their use generally; and secondly, such persons as have improvements on the sixteenth sections, who may use the timber or stone for the benefit of such improvements, but such persons are prohibited from cutting and removing timber or stone for the purpose of speculation or sale. ' • Webb belongs to the second class in whose favor the reservation is thus made. He has an improvement on the school lands, but resides on a different section, and is therefore authorized to use the timber, and stone, on the sixteenth section only for the benefit of his improvement on such section, and an appropriation of the timber or stone for any other purpose is as much a violation of the law as if he had no such improvement. Any other construction would in a great degree render the act nugatory, and would to a considerable extent defeat the object which the legislature had in view, in passing the law in question, which was to preserve from trespass and waste those lands granted by congress for the use of schools, and the education of the rising generation. Were such a construction not given to the act, persons living near a sixteenth section, and having a small improvement thereon, might enclose large farms and erect extensive buildings on their own lands, and keep them in repair with the timber and stone taken from the school lands. Such a privilege was never designed, or reserved by the legislature. The circuit court, therefore, did not err in refusing the instructions asked for by the defendant, nor in giving those asked for on the part of the State. Affirmed.